UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ADRIAN DELEON** | * | **CIVIL ACTION NO.:** |
| | * | |
| **VERSUS** | * | **JUDGE:** |
| | * | |
| **STATE FARM FIRE AND CASUALTY COMPANY** | * | **MAGISTRATE JUDGE:** |
| | * | |

## NOTICE OF REMOVAL

TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
      FOR THE EASTERN DISTRICT OF LOUISIANA

   Hale Boggs Federal Building
   500 Poydras Street
   New Orleans, Louisiana 70130

   **NOW INTO COURT**, through undersigned counsel, comes Defendant, State Farm Fire and Casualty Company ("State Farm") who, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 files this Notice of Removal of this case from the 22nd Judicial District Court for the Parish of St. Tammany, in the State of Louisiana, to the United States District Court for the Eastern District of Louisiana.

   State Farm files this Notice of Removal with full reservation of any and all rights, defenses and objections, including but not limited to, vagueness, insufficiency of process, insufficiency of service of process, lack of personal jurisdiction, improper venue, lack of procedural capacity, improper cumulation, no right of action, lack of standing, prescription, preemption, and no cause of action.  The grounds for removal are as follows:

**INTRODUCTION**

1. On August 29, 2023, Adrian Deleon ("Plaintiff") filed a Petition for Damages ("Petition") in the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana, entitled, *Adrian Deleon v. State Farm Fire and Casualty Company*, Suit No. 2023-15279, Division "J."

2. The Petition arises out of damage to Plaintiff's property located at 28450 Wildwood Street, Lacombe, Louisiana 70445 (the "Property"), which sustained damage associated with Hurricane Ida on August 29, 2021. **Exhibit "A" – State Court Pleadings**. Plaintiff asserts that State Farm provided a policy of insurance (the "Policy") to Plaintiff for the Property. *Id.*, **p.5 at ¶ 8.** Plaintiff alleges that State Farm failed to timely and reasonably adjust Plaintiff's loss. *Id.*, **p.7 at ¶ 33.** Plaintiff further contends that State Farm's failure to provide adequate payment is in breach of the Policy. *Id.*, **p.7 at ¶ 38.**

3. Plaintiff alleges that because of State Farm's actions, Plaintiff has suffered the following nonexclusive damages: repair and remediation expenses; inability to make appropriate repairs; diminution in value of the Property; actual damages related to the increased cost of repairs; and mental anguish. *Id.*, **p.8 at ¶ 40.**

4. Plaintiff also contends that State Farm's actions and/or inactions violated La. R.S. 22:1973 and La. R.S. 22:1892, thus making State Farm liable to Plaintiff for statutory bad faith penalties. *Id.*, **p.8 at ¶ 39.**

5. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings and orders served upon State Farm in the action bearing the caption *Adrian Deleon v. State Farm Fire and Casualty Company*, Suit No. 2023-15279, Division "J" is attached hereto as **Exhibit "A".**

6. State Farm has yet to file its Original Answer in state court prior to removal, and thus, will file its initial responsive pleadings in accordance with the Hurricane Ida Case Management Order issued by this Court.

## THE NOTICE OF REMOVAL IS TIMELY

6. On November 7, 2023, a copy of the Petition was delivered to the Louisiana Secretary of State. **Exhibit "A", p.2.** The Petition was subsequently served on State Farm's registered agent for service of process, Corporation Service Company ("CSC"), on November 9, 2023. *Id.*, **p.1.**

7. This Notice of Removal is filed within thirty (30) days of service of the Petition on State Farm through its agent, CSC, on November 9, 2023.[1]

8. State Farm also files this Notice of Removal within one year of the commencement of this action, as required by 28 U.S.C. § 1446(c)(1). Accordingly, the removal of this action is timely. No previous application for removal has been made.

## BASIS FOR JURISDICTION IN THIS COURT

**A. Complete Diversity Exists Between the Parties**

9. The basis for jurisdiction in this Court is diversity of citizenship under 28 U.S.C. § 1332(a).

    a. The Petition alleges that Plaintiff is a person of the full age of majority and domiciled in the Parish of St. Tammany, State of Louisiana. *Id.*, **p.4 at ¶ 1.** For the purposes of determining diversity jurisdiction, a natural person is deemed a citizen of the state of his domicile. *Mas v. Perry*, 489 F.3d 1396 (5th Cir. 1974).

---

[1] "[T]he vast majority of district courts in this circuit have held that service on a statutory agent (such as the Louisiana Secretary of State), on behalf of a foreign defendant, does not trigger the thirty-day removal clock." *First Choice Surgery Ctr. of Baton Rouge, LLC v. United Healthcare Servs., Inc.,* No. 12-CV-0065, 2012 WL 3109483, at *3 (M.D. La. July 30, 2012); see also *Crescent City Holdings, LLC v. Scottsdale Ins. Co.*, No. CIV.A. 08-902, 2008 WL 783592, at *2 (E.D. La. Mar. 25, 2008) (agreeing the 30-day time period for removal starts to run when the defendant or its agent actually receives process, not when the Secretary of State is served.)

3

  Accordingly, Plaintiff is considered a citizen of Louisiana for the purposes of diversity jurisdiction.

  b. State Farm is a foreign insurer incorporated under the laws of the State of Illinois with its principal place of business located in Illinois. For the purposes of determining diversity jurisdiction, a corporation is deemed to be a citizen of both the state of its incorporation and of the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). Thus, pursuant to 28 U.S.C. § 1332(c)(1), State Farm is a citizen of Illinois.

  c. Because Plaintiff is a citizen of Louisiana, and because Defendant is a citizen of a state other than Louisiana, complete diversity exists among the parties.

**B. The Amount in Controversy Exceeds $75,000.00, Exclusive of Interest and Costs**

10. Fifth Circuit jurisprudence holds that for purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000.00, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000.00 or (2) 'by setting forth *the facts* in controversy-preferably in the removal petition, but sometimes by affidavit that supports a finding of the requisite amount.'" *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (emphasis in original) (*quoting Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). The facts set forth in the Petition and this Notice of Removal establish that the requisite amount in controversy exceeds $75,000.00, exclusive of interest and costs.

11. Plaintiff alleges that State Farm is liable as coverage under the Policy remains available and is due and owing. **Exhibit "A", p.7 at ¶ 38.**

12. Plaintiff contends that State Farm is liable for damages including repair and remediation expenses; inability to make appropriate repairs; diminution in value of the Property; actual damages related to the increased cost of repairs; and mental anguish. **Exhibit "A", p.8 at ¶ 40.**

13. The Policy provides the following coverages: (1) $224,600.00 for Dwelling; (2) $22,460.00 for Other Structures; (3) $168,450.00 for Personal Property; and (4) $67,380.00 for Loss of Use. **Exhibit "B" – State Farm Policy Declarations.**

14. During the claim handling, Plaintiff submitted an estimate prepared by Global Estimating Services totaling $31,743.28. **Exhibit "C" – PA Estimate.**

15. To date, State Farm has not issued a payment under this claim, as the damages associated with the covered loss did not exceed the applicable $4,492.00 policy deductible. Thus, Plaintiff seeks contractual damages of at least $31,743.28.

16. In addition to contractual damages, Plaintiff also seeks extra-contractual damages under La. R.S. 22:1892 and La. R.S. 22:1973. **Exhibit "A", p.8 at ¶ 39.**

17. La. R.S. 22:1892 provides a penalty to insurers of fifty percent (50%) of the difference between the amount paid and the amount due, and La. R.S. 22:1973 provides a penalty to insurers of two times the damages sustained. *Id.*, **p.6 at ¶ 24, ¶ 26.**

18. Thus, when considering Plaintiff alleged contractual damages and calculating penalties under La. R.S. 22:1892 and La. R.S. 22:1973 based on the PA Estimate, the amount in controversy is at least $111,101.48.

19. Moreover, in the Petition, Plaintiff did not allege that the amount in controversy is below $75,000.00, as is provided for under La. Code Civ. Proc. art. 893(A) to establish "the lack of jurisdiction of federal courts due to insufficiency of damages."

20. While State Farm does not concede liability or any element of damages, it submits that based on the allegations in the Petition, evidence submitted herein, and the absence of any assertion by Plaintiff that the alleged damages are below $75,000.00, it cannot be disputed that that the amount of controversy exceeds $75,000.00 exclusive of interest and costs.

## PROCEDURE

21. A copy of this Notice of Removal is being served on the Plaintiff and will be filed into the record of the 22nd Judicial District Court, Parish of St. Tammany, State of Louisiana.

22. As required by 28 U.S.C. § 1446(a), a copy of the entire state court record, including all process, pleadings, and orders served upon Defendant, is attached hereto as Exhibit "A."

23. Pursuant to the requirements of 28 U.S.C § 1446(d), a Notice of Filing, attaching a copy of this Notice as an exhibit, will be promptly filed with the Clerk of Court of 22nd Judicial District Court, Parish of St. Tammany, State of Louisiana, as provided by law. **Exhibit "D" – Notice of Filing of Notice of Removal.**

24. State Farm requests a trial by jury on all issues.

25. State Farm reserves the right to amend or supplement this Notice of Removal as necessary.

## LIST OF PARTIES REMAINING IN ACTION

26. Adrian Deleon

27. State Farm Fire and Casualty Company

Respectfully submitted,

**ADAMS AND REESE LLP**

*/s/Kellen J. Mathews*
Kellen J. Mathews (#31860)
E. Gregg Barrios (#20096)
Christopher D. Joseph, Jr. (#38293)
450 Laurel Street, Suite 1900
Baton Rouge, Louisiana 70801
Telephone: (225) 336-5200
Facsimile: (225) 336-5220
Email: kellen.mathews@arlaw.com
Email: gregg.barrios@arlaw.com
Email: christopher.joseph@arlaw.com

*Counsel for Defendant, State Farm Fire and Casualty Company*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing has been served upon Plaintiff and all counsel of record in this matter as indicated below:

| | | | |
|---|---|---|---|
| ( **X** ) | CM/ECF | ( ) | Prepaid U. S. Mail |
| ( ) | Facsimile | ( ) | Electronic Mail |
| ( ) | Hand Delivery | | |

This 6th day of December, 2023.

*/s/Kellen J. Mathews*
Kellen J. Mathews