

# Notice of Service of Process

**KSB / ALL**
**Transmittal Number: 27976895**
**Date Processed: 11/09/2023**

| | |
|---|---|
| Primary Contact: | State Farm Enterprise SOP<br>Corporation Service Company- Wilmington, DELAWARE<br>251 Little Falls Dr<br>Wilmington, DE 19808-1674 |
| Entity: | State Farm Fire and Casualty Company<br>Entity ID Number 3461650 |
| Entity Served: | State Farm Fire and Casualty Company |
| Title of Action: | Adrian Deleon vs. State Farm Fire and Casualty Company |
| Matter Name/ID: | Adrian Deleon vs. State Farm Fire and Casualty Company (14836231) |
| Document(s) Type: | Citation/Petition |
| Nature of Action: | Contract |
| Court/Agency: | St. Tammany Parish District Court, LA |
| Case/Reference No: | 2023-15279 J |
| Jurisdiction Served: | Louisiana |
| Date Served on CSC: | 11/09/2023 |
| Answer or Appearance Due: | 21 Days |
| Originally Served On: | Secretary Of State |
| How Served: | Certified Mail |
| Sender Information: | Galindo Law Firm<br>713-228-3003 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**EXHIBIT A**

# State of Louisiana
# Secretary of State

11/08/2023

Legal Services Section
P.O. Box 94125, Baton Rouge, LA 70804-9125
(225) 922-0415

STATE FARM FIRE & CASUALTY COMPANY
STATE FARM INSURANCE COMPANIES
C/O CORPORATION SERVICE COMPANY
450 LAUREL STREET, 8TH FLOOR
BATON ROUGE, LA 70801

Suit No.: 202315279
22ND JUDICIAL DISTRICT COURT
SAINT TAMMANY PARISH

ADRIAN DELEON
vs
STATE FARM FIRE AND CASUALTY COMPANY

Dear Sir/Madam:

I am enclosing a citation served in regard to the above entitled proceeding. If you are not the intended recipient of this document, please return it to the above address with a letter of explanation. All other questions regarding this document should be addressed to the attorney that filed this proceeding.

Yours very truly,

R. KYLE ARDOIN
Secretary of State

Served on: R. KYLE ARDOIN
Served by: M LOCKWOOD

Date: 11/07/2023
Title: DEPUTY SHERIFF

No: 1309726



JN

**Adrian Deleon**

VS 2023-15279 Division J

**State Farm Fire And Casualty Company**

**22nd Judicial District Court**

**Parish of St. Tammany**

**State of Louisiana**

**TO THE DEFENDANT:** <u>State Farm Fire And Casualty Company,</u> Through Its Agent For Service: Louisiana Secretary Of State <u>8585 Archives Avenue Baton Rouge La 70809</u>

You are named as a defendant in the above captioned matter. Attached to this citation is a:

[X] Certified copy of Original Petition  [ ] Certified copy of Amended Petition  [ ] Discovery Request

**HURRICANE IDA COURT ORDERS ATTACHED**

You must either comply with the demand contained in the petition or make an appearance either by filing an answer or other pleading in the 22nd Judicial District Court located at 701 N. Columbia Street, Covington, Louisiana 70433 within the delay provided in Article 1001 of the Louisiana Code of Civil Procedure under penalty of default.

**RECEIVED DATE NOV 0 6 2023**

**Article 1001 of the Louisiana Code of Civil Procedure states:**

A. A defendant shall file his answer within **twenty-one (21) days** after service of Citation upon him, except as otherwise provided by law.

If the plaintiff files and serves a Discovery Request with his Petition, the defendant shall file his answer to the petition within **thirty (30)** days after service of the petition.

B. When an Exception is filed prior to Answer and is overruled or referred to the merits, or is sustained and an Amendment of the Petition ordered, the Answer shall be filed within **fifteen (15) days** after the exception is overruled or referred to the merits, or **fifteen (15) days** after service of the Amended Petition.

C. The Court may grant additional time for answering.

**Article 1151 of the Louisiana Code of Civil Procedure provides in pertinent part:**

A defendant shall plead in response to an Amended Petition within the time remaining for pleading to the Original Pleading or with **ten (10) days** after service of the Amended Petition, whichever period is longer, unless the time is extended under Article 1001.

**THE CLERK OF COURT'S STAFF CANNOT PROVIDE LEGAL ADVICE.**

By order of the Honorable Judges of said Court this   29th day of August, 2023

*Melissa R. Henry,* Clerk of Court

BY: *Shay Stein*

Shay Stein, Deputy Clerk

**A TRUE COPY**

*Shay Stein*

DY. CLERK 22nd Jud. Dist. Court
ST. TAMMANY PARISH, LA
Shay Stein, Deputy Clerk

Issued: 10/30/2023

Counsel or Pro Se:
Chinwe Onyenekwu
Attorney at Law
3850 North Causeway Blvd Ste 1520
Metairie, La 70002

SERVED ON
R. KYLE ARDOIN

NOV 07 2023

SECRETARY OF STATE
COMMERCIAL DIVISION

Received on _____, 2023, and on _____, 2023 I served a true copy of the within _____,
on _____ in person,
at domicile with _____,
in _____ Parish, a distance of _____ miles from the Justice Center.

Deputy Sheriff
Parish of _____

101 - Regular Citation Rev 7/23

# THE 22ND JUDICIAL DISTRICT COURT FOR ST. TAMMANY PARISH

## STATE OF LOUISIANA

NO.: SECTION DIVISION " "

ADRIAN DELEON

VERSUS

STATE FARM FIRE AND CASUALTY COMPANY

> St. Tammany
> Melissa R. Henry - Clerk of Court
> Caroline Theriot - Deputy Clerk
> Suit 2023-15279 J
> E-Filed on: 8/29/23 04:22 PM
> Filed on: 8/30/23 10:44 AM

FILED: _____     _____
                                        DEPUTY CLERK

## PETITION FOR DAMAGES

Now into Court, through undersigned counsel, comes Plaintiff, Adrian DeLeon, who files this Petition for Damages and respectfully represents that:

1. Made Plaintiff herein is **Adrian DeLeon (or "Plaintiff")**, a person of the full age of majority and domiciled in St. Tammany Parish, State of Louisiana.

2. Made Defendant herein is **State Farm Fire and Casualty Company ("State Farm Fire and Casualty Company")**, incorporated under the laws of Illinois with a principal place of business at One State Farm Plaza Bloomington IL 61710 Defendant is authorized to do business and issue policies in the state of Louisiana. Defendant may be served with process through Louisiana Secretary of State 8585 Archives Ave Baton Rouge LA 70809.

3. This Court has subject matter jurisdiction over the matters alleged herein, particularly under La. Stat. Ann. §22:868(A)(2).

4. Defendant entered into a contract of insurance with the Plaintiff in Louisiana, whereby the Plaintiff paid a premium to Defendant for their promise to compensate the Plaintiff in the event of a covered loss. Defendant is transacting the business of insurance in the state of Louisiana and the basis of this suit arises out of such conduct.

5. Venue is proper in this Court because the subject property is located in St. Tammany Parish and the loss occurred in St. Tammany Parish.

## FACTS

6. Plaintiff contracted with Defendant to insure the property located at 28450 Wildwood Street, mandeville, LA 70445 (the "insured premise").

7. The insured premise is the location of Plaintiff's personal residence.

8. The insured premise is covered under a policy issued by Defendant (the "Policy"), which provided insurance coverage for the Property.

9. Plaintiff paid all premiums associated with the policy when due in a timely manner and without delay.

10. Plaintiff entered into the contract of insurance with the reasonable expectation that in return for the payment of the premium, Defendant would abide by the terms of their policy and pay for any covered losses that may occur.

11. On August 29, 2021, while the policy was in full force and effect, Hurricane Ida made landfall over Southeast Louisiana.

12. Hurricane Ida was a major category four hurricane.

13. Hurricane Ida produced winds of 150 mph.

14. As a result of Hurricane Ida, the insured premises sustained damages.

15. Devastating winds and wind-driven rain lasted for several hours as the hurricane passed over Southeast Louisiana.

16. As a result of Hurricane Ida, the Plaintiff's property suffered extensive damage. The property sustained significant damage to its structure.

17. Plaintiff provided timely and proper notice to Defendant of the claim.

18. In compliance with the policy, Plaintiff began mitigating the loss as soon as possible.

19. Plaintiff is entitled to recovery of all benefits due under the policy resulting from the hurricane damage to the insured premises, including, but not limited to, the structural loss, recoverable depreciation, additional living expenses and or loss of use expenses, and personal property.

20. Insurers have the duty to initiate loss adjustment of a property damage claim within fourteen (14) days after the notification of loss by a claimant, which may be extended by the Insurance Commissioner in the aftermath of catastrophic damage. La. Stat. Ann. §22:1892(A)(3).

21. Defendant was given full access to inspect the insured premises. Defendant has had ample opportunity to view the extensive damage to the property.

22. Louisiana law provides claims handling timelines which are strictly construed.

23. Under La. Stat. Ann. §22:1892(A)(1), insurers must pay the amount of any claim due to any insured within thirty (30) days after receipt of satisfactory proof of loss from the insured or any party in interest. Under La. Stat. Ann. §22:1892(A)(4), all insurers must make a written offer to settle any property damage claim, within thirty (30) days after receipt of satisfactory proof of loss of that claim.

24. The arbitrary, capricious, or without probable cause failure to comply with La. Stat. Ann. §22:1892(A)(1) and §22:1892(A)(4) subjects the insurer to a penalty, in addition to the amount of loss, of fifty percent on the amount found to be due from the insurer to the insured or $1,000, whichever is greater. If partial payment of tender is made, the penalty is fifty percent of the difference between the amount paid or tendered and the amount due. These penalties are in addition to reasonable attorney fees and costs. La. Stat. Ann. §22:1892(B)(1).

25. Under La. Stat. Ann. §22:1973(A), insurers have an affirmative duty to adjust claims fairly and promptly and to make reasonable efforts to settle claims with the insured. Failing to pay the amount of any claim due to any person insured by the contract within sixty (60) days after satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause is a breach of the insurer's affirmative duty. La. Stat. Ann. §22:1973(B)(5).

26. In addition to any general or specific damages to which the insured is entitled to, a breach of the 60-day timeline subjects the insurer to penalties in an amount not to exceed two (2) times the damages sustained or $5,000, whichever is greater. La. Stat. Ann. §22:1973(C).

27. An insurer has satisfactory proof of loss once it has sent an adjuster to inspect the property, even if the adjuster provides an incomplete report, because the insurance company had the opportunity to discover the extent of the damages. *J.R.A. Inc. v. Essex Ins. Co.*, 2010-0797 (La. App. 4 Cir. 5/27/11), 72 So. 3d 862; *see also Aghighi v. Louisiana Citizens Prop. Ins. Corp.*, 2012-1096 (La. App. 4 Cir. 6/19/13), 119 So. 3d 930.

28. The statutory timeline starts from the initial inspection and not from any final report by the insurer. *Aghighi v. Louisiana Citizens Prop. Ins. Corp.*, 2012-1096 (La. App. 4 Cir. 6/19/13), 119 So. 3d 930.

29. In compliance with their duties, Plaintiff cooperated with Defendant and their consultants, making the property fully and completely available for the viewing of the physical loss evidence.

30. Defendant and their consultants knew or should have known that undisputed amounts of a claim must be disbursed and cannot be delayed because other portions of the claim have not been decided. *Aghighi v. Louisiana Citizens Prop. Ins. Corp.*, 2012-1096 (La. App. 4 Cir. 6/19/13), 119 So. 3d 930.

31. Plaintiff had to retain undersigned counsel to handle communications with Defendant in an attempt to bring this claim to a conclusion.

32. The proof of loss submissions provided satisfactory proof of loss in so far as it contained all the Plaintiff's investigation of the claim and sufficient information providing the extent of the loss to allow the Defendant to make a determination on the loss, particularly the building coverage.

33. Defendant has failed to timely and reasonably adjust the loss and respond to the formal proof.

34. Despite Defendant's failure to timely pay the evidenced loss, Plaintiff has continued to work with Defendant and their consultants to ensure compliance with their duties under the Policy. This cooperation in no way waives Defendant's duties under the law.

35. Plaintiff is entitled to a judgment declaring that the language of the Policy provided coverage for all damage resulting from Hurricane Ida.

## BREACH OF CONTRACT

36. Despite more than sufficient proof of loss, Defendant failed to timely and adequately tender payment of insurance proceeds as required under the Policy.

37. At all relevant times, Defendant provided insurance coverage for the matters, risks, and damages involved herein. The Policy contained a hurricane and/or windstorm endorsement that provided coverage for all of the damages sustained at the Property to which Plaintiff is entitled, including but not limited to dwelling coverage, contents coverage, loss of use coverage, recoverable depreciation, as well as all repair/replacement costs, and all other damages which will be disclosed through discovery and proven at trial.

38. Defendant's failure to timely provide adequate payment for clearly covered losses is in breach of and in violation of the Policy. Coverage under the Policy remains available and is due to Plaintiff.

## STATUTORY DAMAGES, PENALTIES, ATTORNEY'S FEES, AND COSTS

39. Defendant's conduct and failure to timely pay insurance proceeds due under its Policy is in clear violation of La. R.S. 22:1892 and La. R.S. 22:1973. Plaintiff, therefore, seeks the recovery of damages, attorney's fees, penalties, and costs under these statutes.

40. As a result of the actions of the Defendant, Plaintiff has suffered the following nonexclusive list of damages past, present, and future in amounts reasonable in the premises:

    a. Repair and remediation expenses;

    b. Inability to make appropriate repairs due to inadequate insurance payments;

    c. Diminution in value of property;

    d. Actual damages related to the increased cost of repairs;

    e. Mental anguish;

    f. Attorney's fees and penalties; and

    g. Costs of this litigation and any pre-litigation costs related to the insurer's failure to make adequate insurance payments.

## JURY TRIAL

41. Plaintiff prays for and is entitled to a trial by jury, with a bond to be set at a later date.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Adrian DeLeon, prays that the Defendant, State Farm Fire and Casualty Company, be served with a copy of this Petition and be duly cited to appear and answer the same, and that there be judgment rendered in favor of Plaintiff and against Defendant in an amount that will fully compensate Plaintiff for all damages; and for prejudgment interest from the date of Plaintiff's filing of the lawsuit, for post judgment interest on the judgment at the rate allowed by law, for all costs of these proceedings, for attorney's fees, penalties, and costs, and for all further relief, both in law and in equity, to which Plaintiff may show themself justly entitled.

Respectfully Submitted,

[signature]

Chinwe Ndidi Onyenekwu
Louisiana Bar Number: 34013
chewa@galindolaw.com

Mark Ladd
Louisiana Bar Number: 30847
mark@galindolaw.com

Harry E. Cantrell, Jr.
Louisiana Bar Number: 03852
OF Counsel

Galindo Law Firm
3850 North Causeway Blvd. Ste. 1520
Metairie, Louisiana 70002
Ph. 71 3-228-3030
Fax 713-228-3003
Email: hurricane@galindolaw.com
**ATTORNEYS FOR PLAINTIFF**

**PLEASE SERVE:**
State Farm Fire and Casualty Company
*Through its agent for service:*
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

A TRUE COPY
[signature]
DY. CLERK 22nd Jud. Dist. Court
ST. TAMMANY PARISH, LA
Shay Stein, Deputy Clerk